UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PEDRO MAUL CHACON SANTAMARIA, )
)
)
Plaintiff, )
)
v. ) Case No. 1:15-cv-00259 (LMB/IDD)
)
GL CONSTRUCTION, INC., *et al.*, )
)
)
Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Pedro Maul Chacon Santamaria's Motion for Default Judgment against Defendants GL Construction, Inc. and Jose Lopez, pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 11.) After neither Defendants nor a licensed attorney for Defendants appeared at the hearing on August 14, 2015, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint and Plaintiff's Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED in part and DENIED in part.**

### I. INTRODUCTION

On February 25, 2015, Plaintiff filed this action under the Fair Labor Standards Act ("FLSA" or "Act"). (Dkt. No. 1.) The FLSA allows employees to bring claims against employers who violate federal minimum wage and overtime wage standards. In his Complaint, Plaintiff

1

seeks from each Defendant, jointly and severally, unpaid overtime and federal minimum wages; liquidated damages; and attorney's fees and costs pursuant to the FLSA. (Compl. ¶¶ 28–34.)

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 because it arises under federal law, the FLSA. (Compl. ¶ 1.) This Court has personal jurisdiction over Defendant GL Construction, Inc. because it is a Virginia corporation. (*Id.* ¶ 4.) This Court has personal jurisdiction over Defendant Jose Lopez because he resides in Virginia. (Dkt. No. 5.) Pursuant to 28 U.S.C. 1391(b)(1), venue is proper in this District because both defendants are Virginia residents, and Defendant Jose Lopez resides in this District. (Compl. ¶ 4; Dkt. No. 5.) Therefore, the undersigned recommends a finding that jurisdiction and venue are proper with respect to both Defendants in this action.

## B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur.

Under Rule 4(e)(1), individuals may be served pursuant to the rules for service in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under section 8.01-296 of the Code of Virginia, if the party to be served is not found in his place of abode, the process server may properly serve an individual by delivering process to a family member who also resides at the place of abode and who is sixteen years of age or older. VA. CODE ANN. § 8.01-296 (2015). On April 11, 2015, a private process server properly served Defendant Jose Lopez by leaving the summons at Mr. Lopez's place of abode, with his spouse, who is over the age of sixteen and resides there. (Dkt. No. 5.) Therefore, Plaintiff properly served Mr. Lopez.

Rule 4(h) governs service upon corporations, partnerships, and other unincorporated associations and allows service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). On April 11, 2015, a private process server properly served Defendant GL Construction, Inc. by serving the summons on Liliana Lopez, corporate officer of GL Construction, Inc. (Dkt. No. 4.) Therefore, Plaintiff properly served GL Construction, Inc.

**C. Grounds for Default**

Plaintiff filed his Complaint on February 25, 2015. (Dkt. No. 1.) Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. On May 20, 2015, Plaintiff filed a Request for Entry of Default with the Clerk of Court. (Dkt. No. 7.) The Clerk entered Default against Defendants on June 18, 2015. (Dkt. No. 9.) On July 17, 2015, Plaintiff filed his Motion for Default Judgment, and the Court held a hearing on the matter on August 14, 2015. (Dkt. Nos. 11, 14.) After Defendants failed to appear at the hearing on the Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that the Plaintiffs have established the following facts. Plaintiff is an adult resident of Virginia. (Compl. ¶ 3.) Defendant GL Construction, Inc. is a Virginia corporation. (*Id.* ¶4.) Defendant Jose Lopez is an individual resident of Virginia. (Dkt. No. 5.) Mr. Lopez is the owner of GL Construction, Inc. (Compl. ¶ 5.) Plaintiff was employed by Defendants as a laborer from December 1, 2011 through May 21, 2014. (*Id.* ¶ 17.)

3

Defendant Jose Lopez controlled the day to day operations of GL Construction, Inc. (*Id.* ¶ 10.) Mr. Lopez had the power to hire, fire, suspend, and discipline Plaintiff. (*Id.* ¶11.) Mr. Lopez directly or indirectly controlled Plaintiff's work schedule or had the power to do so and directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so. (*Id.* ¶¶ 13–14.)

When employed with Defendants, Plaintiff was paid $140.00 per day and worked six days per week, which translates to a weekly wage of $840 per week and an hourly wage of $15.27 per hour.[1] (*See id.* ¶¶ 18–19.) Plaintiff worked an average of fifty-five hours per week and was never compensated at the overtime rate of one and one half times his regular hourly rate for the hours worked over forty hours per week. (*Id.* ¶¶ 19–20.) Defendants also failed to compensate Plaintiff for fourteen days of work. (*Id.* ¶ 20.)

Defendants have two or more employees who are engaged in commerce or who handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce. (*Id.* ¶ 8.) Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce. (*Id.*) At all times relevant, GL Construction had an annual gross volume of sales made or business done in an amount exceeding $500,000. (*Id.* ¶ 6.) Defendants failed to post a notice explaining the FLSA. (*Id.* ¶ 23–24.)

### III. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to

---

[1] Plaintiff specifies only that he worked an average of fifty-five hours per week, that he earned $140.00 per day, and that this "translates to an hourly rate of $15.35 per hour." (Compl. ¶¶ 18–19; Dkt. No. 11-1.) If Plaintiff were compensated $140.00 per day six days a week for a total of fifty-five hours per week, his hourly rate would be $15.27. Therefore, the undersigned finds that Plaintiff worked six days per week and earned a weekly wage of $840.00 per week and an hourly wage of $15.27 per hour.

plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience,

and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## A. Liability

Plaintiff's Complaint asserts two claims against Defendants: violation of the FLSA for unpaid overtime and violation of the FLSA for unpaid wages. (Compl. ¶¶ 28–34.)

### 1. Statute of Limitations

Generally, a two- or three-year statute of limitations applies to an FLSA violation, depending on whether the violation is willful. 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). However, the statute of limitations is equitably tolled when employers do not post notice of employees' rights under the FLSA as required by 29 C.F.R. § 516.4. *Cruz v. Maypa*, 773 F.3d 138, 146–47 (4th Cir. 2014). Under *Cruz*, "tolling based on lack of notice continues until the claimant retains an attorney or obtains actual notice of her rights." *Id.* at 147. In this case, although Plaintiff's unanswered Complaint states that no notice was posted, (Compl. ¶ 24), the Complaint does not state when Plaintiff retained an attorney or obtained actual notice of his rights. However, Plaintiff's attorney provides time records which show that Plaintiff first met with attorneys at her office in or about December 2014.[2] Therefore, the undersigned recommends a finding that tolling ended in late 2014 and that Plaintiff timely filed his complaint on February 25, 2015.

### 2. Unpaid Minimum Wages

The FLSA requires employers to pay covered employees a statutorily-specified minimum wage for each hour worked. 29 U.S.C. § 206(a). To establish a violation of the FLSA's minimum wage provisions, a plaintiff must show that he was: (1) employed by defendants; (2) a covered

---

[2] The first entry in the time records is from December 12, 2014 and reads, "Review notes for initial intake with client." (Dkt. No. 11-2.)

6

employee not subject to any of the exemptions in 29 U.S.C. § 213; and (3) not compensated for all hours worked during each workweek at a rate equal to or greater than the then-applicable minimum wage. *Id.*; *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473 (E.D. Va. 2014).

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employee is an "individual employed by the employer." *Id.* § (e)(1). In his complaint, Plaintiff states that he was employed as a laborer for Defendant GL Construction, which is owned by Defendant Jose Lopez, and that Mr. Lopez controlled the day to day operations of GL Construction, had the power to fire or discipline Plaintiff, controlled Plaintiff's schedule, supervised Plaintiff, and determined the rate and method of Plaintiff's pay. Therefore, the undersigned recommends a finding that Plaintiff was employed by Defendants and that the first element is met.

In general, an employee may seek relief under the FLSA on the basis of enterprise coverage or individual coverage. *See* 29 U.S.C. § 207(a)(1). Enterprise coverage applies to employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Such an enterprise is one which

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A). In this case, Plaintiff's Complaint states that Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce. The Complaint also states that GL Construction had an annual gross volume of sales made or business done in an amount exceeding $500,000. Based on the

7

Complaint and Motion for Default Judgment and the documentation thereto, it does not appear that Plaintiff is subject to any of the exemptions in 29 U.S.C. § 213. Therefore, the undersigned recommends finding that Plaintiff has fulfilled the second element.

Last, the FLSA mandates that employers pay their employees a minimum wage of $7.25 per hour for work completed on or after July 24, 2009. 29 U.S.C. § 206(a)(1)(C). Plaintiff states in his Complaint that he began working for Defendants on December 1, 2011 and that he was not compensated for two weeks of work. Therefore, the undersigned recommends a finding that Plaintiff has fulfilled the third element. Because Plaintiff has shown that he was employed by Defendants, that he was covered under the FLSA, and that he was not compensated for all hours worked at a rate greater than or equal to the then-applicable minimum wage, the undersigned recommends a finding that Plaintiff has properly pled a claim for relief under the FLSA's minimum wage provision.

### 3. Unpaid Overtime

The FLSA requires employers to pay employees no less than one and one-half times their regular rate of pay for all hours worked in excess of forty hours during any given workweek. 29 U.S.C. § 207(a). To establish a violation of the Act's overtime provisions, a plaintiff must satisfy factors one and two above and demonstrate that he was not compensated at a rate of one and one half times his regular rate for each hour worked in excess of forty hours per workweek. 29 U.S.C. § 207(a).

As discussed above, Plaintiff was employed by defendants as an employee covered by the FLSA. Therefore, the first two elements are met. Plaintiff also alleges facts sufficient to show that he was not compensated at a rate of one and one half times his regular rate for hours worked over forty per week. Plaintiff alleges that he worked an average of fifty-five hours per week and

that he was compensated at the same rate for all hours worked. Therefore, the undersigned recommends a finding that Plaintiff has properly pled a claim for relief under the FLSA's overtime wage provision.

## IV. REQUESTED RELIEF

### A. Damages

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Furthermore, in default cases in this district, "there can be no recovery over the amount pled in the complaint, and the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). In FLSA cases, any employer who violates Sections 206 or 207 of the FLSA "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

In his Complaint, Plaintiff seeks "not less than $31,779.00 which is two times the total wages and overtime compensation owed," as Plaintiff is owed $913.50 in unpaid minimum wages and $14,976.00 in unpaid overtime wages. (Compl. ¶¶ 21, 34.) However, neither Plaintiff's Complaint nor Plaintiff's Motion for Default Judgment makes clear how those sums were calculated. Plaintiff's Complaint and Declaration state that Plaintiff was employed by

9

Defendants from December 11, 2011 through May 31, 2014, approximately 130 weeks. (*See id.* ¶ 17; Dkt. No. 11-1.) Plaintiff states that he was paid $140.00 per day and worked fifty-five hours per week, "which translates to an hourly rate of $15.35 per week." (Compl. ¶¶ 18–19.) However, Plaintiff does not state how many days per week he worked. If Plaintiff worked six days per week, he would earn a total of $820 per week. At fifty-five hours per week, this would equal an hourly rate of $15.27. Therefore, the undersigned finds that Plaintiff's hourly wage was approximately $15.27 per hour and that Plaintiff worked six days per week for approximately nine hours per day.[3]

The FLSA requires that, as of July 24, 2009, employers pay covered employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Plaintiff's unanswered allegations state that Defendants failed to compensate him for fourteen days of work. (Compl. ¶ 21.) Wages of $7.25 per hour for fourteen nine-hour work days equal $913.50. Therefore, the undersigned finds that Plaintiff's unpaid minimum wages amount to $913.50. As to unpaid overtime, Plaintiff claims that he worked fifteen hours per week in overtime for approximately 130 weeks but was paid only his regular hourly wage ($15.27) for the overtime hours. Therefore, the undersigned finds that Plaintiff's unpaid overtime wages amount to $14,888.25 and that Defendants owe Plaintiff a total of $15,801.75 in unpaid minimum and overtime wages. Because Plaintiff is entitled under the FLSA to collect liquidated damages in the same amount, the undersigned recommends awarding $31,603.50 in damages to Plaintiff.

---

[3] An employee enjoys a more lenient burden of proof where the employer fails to produce adequate records. *See Anderson v. Mt. Clemens Potter Co.*, 328 U.S. 680, 686–88 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 252. If an employer fails to produce evidence of the amount of work performed or evidence that negates the reasonableness of Plaintiff's claim regarding the amount of work performed, "the court may then award damages to the employee, even though the result be only approximate." *Id.* at 687.

**B. Attorney's Fees and Costs**

The FLSA provides for the mandatory award of attorney's fees and costs. 29 U.S.C. § 216(b). ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") Plaintiff requests attorney's fees in the amount of $4,870.50 and costs in the amount of $503.64. In support of his request, Plaintiff submitted the Affidavit of Mary Craine Lombardo, to which a time sheet is attached. (Dkt. No. 11-2.) According to the affidavit and time sheet, the fees are comprised of 3.6 hours of work by attorney Jonathan Lieberman at $395 per hour; 3.5 hours of work by attorney Mary Craine Lombardo at $420 per hour; 1.8 hours of work by an associate at $275 per hour; and 9.7 hours of work by paralegals and legal assistants at a range of $120 to $160 per hour. (Dkt. No. 11-2 at 7–10.) Ms. Lombardo states that these hourly rates are consistent with hourly rates in the greater Washington area. Upon review of the affidavit and time sheet, the undersigned recommends a finding that the $4,870.50 in attorney's fees is reasonable and should be awarded.

Plaintiff's requested costs include the $400 filing fee, $100 in fees to the special process server, and 3.64 in postage. The undersigned finds that Plaintiff's request for costs in the amount of $503.64 is reasonable and should be awarded. Therefore, the undersigned recommends awarding Plaintiff a total of $5,374.14 in attorney's fees and costs.

## V. <u>RECOMMENDATION</u>

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED in part and DENIED in part**. The Motion should be granted as to entry of default judgment against Defendants, jointly and severally, on Count 1 of the Complaint. Accordingly, the undersigned Magistrate Judge

recommends that an Order be entered awarding Plaintiff damages in the amount of $31,603.50, plus reasonable attorney's fees in the amount of $4,870.50 and costs in the amount of $503.64.

## VI. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendants at the following addresses:

GL Construction, Inc.
14700 Lock Drive
Centreville, VA 20120

Jose Lopez
14700 Lock Drive
Centreville, VA 20120

_____/s/_____
Ivan D. Davis
United States Magistrate Judge

December 28, 2015
Alexandria, Virginia